UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TULIO RAFAEL MENA,

        Petitioner,

v.                                                                                    25-CV-6034-MAV
                                                                                      DECISION AND ORDER
JOSEPH E. FREDEN, in his official
capacity as Deputy Field Office Director
and Administrator of the Buffalo
Federal Detention Facility, et al.,

        Respondents.

_____

      Petitioner, Tulio Rafael Mena, a citizen of the Dominican Republic, brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention at the Buffalo Federal Detention Facility. ECF No. 1. Petitioner alleges that he has been detained under 8 U.S.C. § 1226(c) since February 16, 2024—nearly fifteen months at this point—without a bond hearing. *Id.* at 2, 6. He requests release from detention or an individualized bond hearing. *Id.* at 3.

      The Court issued a scheduling order on January 27, 2025, directing the Respondents to respond to the petition within 45 days. ECF No. 2. On March 13, 2025, the Respondents filed a letter in lieu of a formal brief, acknowledging the Second Circuit's decision in *Black v. Decker*, 103 F.4th 133 (2d Cir. 2024), and stating that although the government disagrees with the Second Circuit's decision, it "acknowledges that this Court is currently bound by *Black* and that applying *Black* in this case likely would lead to a grant of the habeas petition." ECF No. 5 at 3. While

1

the government "reserves all rights, including the right to appeal," it concedes that this matter can be decided "promptly without further briefing." *Id.*

In *Black,* the Second Circuit held that there are constitutional limits to the government's authority to detain a noncitizen for a prolonged period without a bond hearing. *Foster v. Brophy*, No. 24-CV-6728-FPG, 2025 WL 833192, at *1 (W.D.N.Y. Feb. 11, 2025) (discussing *Black*, 103 F.4th at 145). Due process challenges to prolonged detention are to be analyzed under the "three-factor balancing test" set forth in *Mathews v. Eldridge,* 424 U.S. 319 (1976), under which a court assesses "(1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Black*, 103 F.4th at 147 (internal quotation marks omitted). Applying these factors to a noncitizen held under Section 1226(c), the Second Circuit held that: (1) the petitioner's private liberty interests were "seriously affected" by a seven-month detention, which it described as "prolonged"; (2) there were "very few" procedures available to noncitizens detained under Section 1226(c), which increased the risk of "erroneous deprivation" to the petitioner's "private liberty interests"; and (3) the government's valid interests in ensuring a noncitizen's appearance at removal proceedings and in protecting the community from dangerous noncitizens could be

adequately addressed through "additional procedural safeguards." *Foster*, 2025 WL 833192, at *1 (quoting *Black*, 103 F.4th at 151–53).

The Second Circuit concluded that the petitioner was entitled to an "individualized bond hearing by an [immigration judge]." *Id.* (quoting *Black*, 103 F.4th at 155). The Second Circuit also directed that, at the bond hearing, the burden must be placed on the government to justify continued detention "by clear and convincing evidence" and, with respect to a detainee's risk of flight, that the immigration judge must "consider both [the detainee's] ability to pay and any alternatives to detention" that would assure his appearance. *Id.* (alterations in original) (quoting *Black*, 103 F.4th at 155).

The Court finds that *Black* applies to the petition and compels the conclusion that Petitioner is entitled to relief. Petitioner's § 2241 petition for habeas corpus is, accordingly, granted.

## ORDER

IT IS HEREBY ORDERED that Petitioner is entitled to habeas relief under 28 U.S.C. § 2241 and the petition (ECF No. 1) is GRANTED insofar as Petitioner requests an individualized bond hearing with additional procedural safeguards; and it is further

ORDERED that **by May 28, 2025**, Respondents shall hold a bond hearing for Petitioner before an immigration judge, at which the government bears the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified based on his present risk of flight or danger to the community. Before

concluding that detention is justified based on a risk of flight, the immigration judge must consider Petitioner's ability to pay and alternative means of assuring his appearance; and it is further

ORDERED that if a bond hearing is not held by May 28, 2025, Respondents shall release Petitioner immediately with appropriate conditions of supervision. By May 30, 2025, Respondents shall file a notice with this Court certifying either (1) that a bond hearing was held by the applicable deadline, and the outcome thereof, or (2) that no bond hearing was held and that Petitioner was released with appropriate conditions of supervision; and it is further

ORDERED that the Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

Dated:       May 14, 2025
             Rochester, New York

_____
HON. MEREDITH A. VACCA
UNITED STATES DISTRICT JUDGE